## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | No. 18-30466 |
| WEBSTER PLACE ATHLETIC CLUB, LLC, ) | Chapter 11 |
| ) | Hon. Jack B. Schmetterer |
| *Debtor/Debtor-in-Possession*. ) | |
| _____ ) | |
| ) | |
| WEBSTER PLACE ATHLETIC CLUB, LLC, an ) | |
| Illinois limited liability company, ) | Adv. No. _____ |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | |
| RAMCO-WEBSTERT PLACE, LLC, a Delaware ) | |
| limited liability company, ) | |
| ) | |
| *Defendant*. ) | |

## NOTICE OF REMOVAL

**To the Clerk of the United States Bankruptcy Court for the Northern District of Illinois:**

NOW COMES, Debtor/Debtor-in-Possession, WEBSTER PLACE ATHLETIC CLUB, LLC (the "Debtor"), by and through its attorneys, pursuant to 28 U.S.C. § 1452(a), 28 U.S.C. § 1332(a), 28 U.S.C. § 1334(b), Rule 9027 of the Federal Rules of Bankruptcy Procedure and Rule 9027-2 of this Court's Local Rules, and submits this Notice of Removal of the litigation described more fully below, stating as follows:

### INTRODUCTION

1. On October 30, 2018, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing this Chapter 11 case (the "Petition Date").

2. Prior to Petition Date, Debtor had filed a lawsuit in the Circuit Court of Cook County, Illinois for rescission and other relief against its current landlord – RAMCO-Webster Place, LLC ("Ramco") – seeking to, among other things, rescind its lease, *Webster Place Athletic Club, LLC v. RAMCO-Webster Place, LLC*, Circuit Court of Cook County, Chancery Division, No. 2018-CH-04248 (the "Debtor's State Court Rescission Action").

3. The Debtor is operating its business and managing its financial affairs as Debtor-in-Possession. No trustee, examiner or committee of unsecured creditors has been appointed to serve in this Chapter 11 case.

4. The Debtor, pursuant to this Notice of Removal, removes the Debtor's State Court Rescission Action. The statutory predicates for the removal requested herein are 28 U.S.C. § 1452(a), 28 U.S.C. § 1332(a), 28 U.S.C. § 1334(b), Rule 9027 of the Federal Rules of Bankruptcy Procedure and Rule 9027-2 of the Local Rules of this Court.

**BACKGROUND**

5. The Debtor is a corporation formed and in good standing under the laws of the State of Illinois. The Debtor's principal place of business is located at 1455 West Webster Ave., Stores 4 and 5, Chicago, Illinois (the "Leased Premises").

6. The Debtor owns and operates an upscale athletic club at the Leased Premises, which consists of approximately 32,000 square feet of space located in the Webster Place Shopping Center (the "Shopping Center"), which is owned by Ramco.

7. The Debtor serves approximately 1,800 club members.

8. The Debtor executed a Shopping Center Lease (the "Lease") for the Leased Premises with Ramco's predecessor, the prior owner of the Shopping Center.

9. Upon executing the Lease, Debtor invested almost $3,000,000 thereunder in converting the 32,000 square foot Leased Premises into its current condition – a first class, full service health Club.

10. The Debtor made this substantial investment and agreed to pay the rent set forth in the Lease based on two central promises in the Lease: (1) the availability of **free parking** for its healthclub members and that the landlord would maintain the Shopping Center as a "**first class**" center. But for landlord's obligation to provide free and convenient parking for the club members and to operate the Shopping Center "as a first class center," Debtor would not have entered into the Lease and spent over $3,000,000 in improvements to turn the Leased Premises into an upscale health club.

11. Since purchasing the Shopping Center in February of 2017, Ramco, despite collecting over $98,000 per month in rent and common area maintenance charges through July 2018 and $25,000 per month thereafter, has continuously (through the date of the filing of this Motion) failed to provide the Debtor's club members with free and reliable parking and has not maintained the Shopping Center as a "first class" center, both of which formed the benefit of Debtor's bargain under the Lease

12. Ramco has failed to maintain the Shopping Center or provide free and reliable parking, despite collecting over a $1,600,000 for rent and maintenance, because the Ramco intent in purchasing the Shopping Center in February 2017 was to demolish most of the Center, including the Tenant's Premises, and build two high-rise residential towers. As a result, Ramco does not want to invest any money in the maintenance and repair of the Shopping Center or Leased Premises and wants the Debtor to vacate the Leased Premises, as Ramco's development plans do not include a health club.

13. Ramco's actions have resulted in the loss of health club memberships and the Debtor not being able to grow its membership as Debtor anticipated had Ramco operated the Shopping Center as a first class center with free and reliable parking for Debtor's members.

## THE STATE COURT LITIGATION

14. After Ramco's repeated refusal to comply with its Lease obligations, and despite repeated requests by Debtor that it do so, on March 30, 2018, the Debtor initiated Debtor's State Court Rescission Action against Ramco in the Circuit Court of Cook County, Illinois (the "State Court").

15. The Debtor currently asserts a single cause of action against Ramco for Rescission of the Lease between the Debtor and Ramco by seeking the entry of judgment: (1) rescinding the Lease; and (2) requesting the court to return the parties to the *status quo ante, including* refunding the Debtor's $3,000,000.00 investment (minus depreciation credits).

16. Ramco responded to Debtor's State Court Rescission Action,,not by remediating its multiple, repeated, and continuing breaches, but by:

- Drawing down on a $600,000.00 letter of credit (the security deposit under the Lease) to pay itself for full rent and common area maintenance charges under the Lease that Debtor was withholding to force Ramco to comply with its obligations under the Lease;

- Filing a breach of contract lawsuit against the Debtor in the Circuit Court of Cook County commonly referred to as *RAMCO-Webster Place, LLC v. Webster Place Athletic Club, LLC*, No. 18-L-006130 (the "Ramco Contract Action") seeking rent under the Lease; and

- Filing a lawsuit to evict the Debtor from Leased Premises in the Circuit Court of Cook County commonly referred to as *RAMCO-Webster Place, LLC v. Webster Place Athletic Club, LLC*, No. 18-M1-708898 (the "Ramco Eviction Action").

17. On July 10, 2018, an Order was entered in State Court (the Chief Judge of the Law Division) consolidating the Debtor's State Court Rescission Action, the Ramco Contract Action

4

and the Ramco Eviction Action pursuant to pursuant to section 2-1006 of the Illinois Code of Civil Procedure. Section 2-1006 of the Illinois Code of Civil Procedure provides that "actions pending in the same court may be consolidated, *as an aid to convenience*, whenever it can be done without prejudice to a substantial right." 735 ILCS § 5/2-1006 (emphasis added). Following consolidation, the three consolidated actions maintained separate case numbers but were heard by a single judge in the Circuit Court of Cook County.

18. Debtor does not seek removal of the Ramco Breach of Contract Action or Ramco Eviction Action, only Debtor's State Court Rescission Action because it is intricately related to this Chapter 11 Petition and the relief that that Debtor seeks.

## BASIS FOR REMOVAL OF DEBTOR'S STATE COURT RESCISSION ACTION

### A.   This Court has Jurisdiction Over the Debtor's State Court Rescission Action Pursuant to 28 U.S.C. § 1334

19. This court has jurisdiction over the Debtor's State Court Rescission Action pursuant to 28 U.S.C. § 1334, which provides that "the district courts shall have original, but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

20. Bankruptcy Courts have jurisdiction over proceedings "arising in" a case under the Bankruptcy Code, which "encompasses issues relating to administration of bankruptcy matters that arise only in bankruptcy cases." *In re Kmart Corp.*, 359 B.R. 189, 194 (Bankr. N.D. Ill. 2005). Thus, even where a proceeding does not "arise under a specific Code section, it may arise in the case if it 'would have no practical existence but for the bankruptcy.'" *Id. citing In re Conseco, Inc.*, 305 B.R. 281, 285 (Bankr. N.D. Ill. 2004).

21. Although the rescission claim could exist outside of the Bankruptcy Code, the filing of the Debtors' Chapter 11 claim creates new rights in the Debtor under section 365 of the

5

Bankruptcy Code that did not exist when Debtor's State Court Rescission Action was filed. The outcome of the Debtor's claim against Ramco necessarily implicates the Debtors' rights under section 365 of the Bankruptcy Code. For instance, if the Lease is rescinded, then the Debtor will not need to decide whether to assume or reject its obligations thereunder. However, if the Lease is not rescinded, then the Debtor will be required to make the appropriate business decision under section 365 of the Bankruptcy Code with respect to the Lease, subject to the conditions and deadlines set forth in section 365. Additionally, the Debtor recently learned that Ramco's intention is to de-lease the Leased Premises so that it can begin a multi-million-dollar redevelopment of the Leased Premises and surrounding properties. It is necessary for the Debtor to amend its Rescission Complaint herein to assert a cause of action for specific performance of the lease, in the alternative to its claim for rescission, to protect its leasehold interest and its right to assume the Lease under section 365 of the Bankruptcy Code. These claims, while created by state law, necessarily implicate and are unique to certain fundamental protections to which the Debtor is entitled under the Bankruptcy Code upon which the Debtor relied when it filed its Chapter 11 case. This Court – rather than the State Court – is in the best position to adjudicate these rights in the context of the best interests of the Debtor, **all** creditors, club membership of over 1,800 people, employees and the bankruptcy estate. As a result, this litigation necessarily "arises in" the Debtor's Chapter 11 case.

22.     Bankruptcy Courts have jurisdiction over claims "related to" cases arising under title 11 where "resolution of claims could affect the amount of property available for distribution to creditors." *In re Edwards*, 539 B.R. 360, 362 (Bankr. N.D. Ill. 2015). "The test for determining whether a civil proceeding is related to a bankruptcy case is whether its outcome could conceivably

6

have any effect on the estate being administered in bankruptcy." *In re MCK Millennium Centre Parking, LLC*, 532 B.R. 716, 720 (Bankr. N.D. Ill. 2015).

23. Here, there is little doubt that the Debtor's State Court Rescission Action is "related to" this Chapter 11 case. In the Debtor's State Court Rescission Action, the Debtor seeks the entry of judgment rescinding its lease with Ramco and for the entry of judgment in the amount of $3,000,000. Thus, if the Debtor is successful in its litigation against Ramco, this estate could see a cash influx of $3,000,000 to fund a Plan of Reorganization. In other words, resolution of the claim asserted by the Debtor "could affect the amount of property available for distribution to creditors" because it could "conceivably" result in substantially greater funds available for distribution. A victory for the Debtor on its rescission claim would the rid the estate a lease that is burdensome to the Debtor without giving rise to the assertion of a rejection damages claim held by the counter-party to the lease, thereby increasing the *pro rata* recovery of other general unsecured creditors. Moreover, with an additional alternative claim for specific performance, Ramco would be required to make necessary repairs at the Leased Premises and respect the years remaining on the Lease in the event the Lease is not rescinded.

**B.**     **Federal Jurisdiction Also Exists Pursuant to 28 U.S.C. § 1332(a)**

24. Although diversity jurisdiction is not required in order for this Court to hear the Debtor's State Court Rescission Action, diversity jurisdiction nevertheless exists pursuant to 28 U.S.C. § 1332(a).

25. Diversity jurisdiction exists if the amount in controversy exceeds $75,000.00, excluding interest and costs, and the action is between citizens of different states. *See* 28 U.S.C. § 1332(a).

26. As set forth below, the Debtor's State Court Rescission Action is a civil action within the original diversity jurisdiction of the federal district courts under 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between the Debtor and Ramco, and the amount in controversy exceeds $75,000.00.

27. For purposes of establishing citizenship of a limited liability company, "citizenship 'for purposes of… diversity jurisdiction is the citizenship of its members.'" *Brokaw v. Boeing*, 137 F.Supp.3d 1082, 1107 (N.D. Ill. 2015) *quoting Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). "This 'means that it is a citizen of every state of which any member is a citizen." *Id. citing Mut. Assignment & Indemnification Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

28. The Debtor is a limited liability company organized pursuant to the laws of the State of Illinois, with its principal place of business in Chicago, Illinois. Because it is a limited liability company, the Debtor's citizenship, for purposes of diversity jurisdiction, depends on the citizenship of its members. There are three (3) members of the Debtor, each of whom is a natural person. "A natural person is a citizen of the state in which she is domiciled." *Altom Transport, Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016). "Domicile has two elements: (1) physical presence or residence in a state and (2) intent to remain in the state." *Ner Tamid Congregation of North Town v. Krivoruchko*, 620 F.Supp.2d 924, 931 (N.D. Ill. 2009) *citing Dellinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). Each of the members of the Debtor is a resident of, and is domiciled in, Illinois. Therefore, the Debtor is a "citizen" of Illinois, for purposes of diversity jurisdiction.

29. Ramco is a limited liability company organized pursuant to the laws of the State of Delaware, which is authorized to do business in the State of Illinois. The Illinois Secretary of State

8

records relating to Ramco indicate that its principal place of business is in Farmington Hills, Michigan. Because it is a limited liability company, Ramco's citizenship, for purposes of diversity jurisdiction, depends on the citizenship of its members. The sole member of Ramco is RPT Realty, a real estate investment trust registered as a corporation under the laws of the state of Maryland ("RPT"). Thus, the "citizenship" of Ramco will turn on the "citizenship" of its corporate parent, RPT. For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of any state in which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Delavallade v. Leisure and Gaming Corporation USA*, CITE (concluding that the citizenship of an incorporated real estate investment trust "is determined by its state of incorporation and its principal place of business"); *Gisnberg v. Gov't Properties, Tr., Inc.*, 2007 WL 2981683 at *1, No. 07-365 (S.D.N.Y. Oct. 11, 2007)(looking to the place of incorporation and principal place of business for incorporated real estate investment trust when determining its citizenship for diversity purposes); *Semack v. 35 Hamden Hills Drive, LLC*, 2013 WL 395486 at *3, No. 12-1057 (D. Conn. Jan. 31, 2013)(looking to the place of incorporation and principal place of business for incorporated real estate investment trust when determining its citizenship for diversity purposes).. Because RPT is incorporated in Maryland, RPT is a Maryland citizen and, consequently, so too is Ramco. RPT's Maryland Secretary of State filings identify its principal office 2405 York Road, Suite 201, Lutherville Timonium, Maryland. RPT maintains its corporate headquarters in Farmington Hills, Michigan (at the same location of the principal office of Ramco). RPT's independent auditors and its corporate counsel are also located in Michigan and most, if not all, of RPT's corporate officers maintain offices in Michigan. Thus, on information and belief, RPT – and Ramco – are residents of Maryland and Michigan.

30. Thus, since none of the members of Ramco is a resident of the State of Illinois and each of the members of the Debtor is a resident of Illinois, there exists complete diversity of citizenship between the Debtor and Ramco. *See* 28 U.S.C. § 1332(a).

31. Additionally, the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a).

32. In the Debtor's State Court Rescission Action, the alleged damages exceed $75,000.00. In the sole count of the Amended Complaint presently pending, the Debtor seeks judgment against Ramco in the amount of **$3,000,000**, among other things.

33. Considering the foregoing, the $75,000.00 amount-in-controversy threshold is satisfied, and federal jurisdiction exists over the Debtor's State Court Rescission Action pursuant to 28 U.S.C. § 1332(a).

### C.   **This Notice of Removal is Timely**

34. Rule 9027(a)(2) of the Federal Rules of Bankruptcy Procedure provides that:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the ***longest of*** (A) ***90 days after the order for relief in the case under the Code***; (B) 30 days after the entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code; or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2) (emphasis added).

35. The Petition Date and the date of the entry of the Order for Relief were October 30, 2018. No Order has been entered terminating any stay with respect to the Debtor's State Court Rescission Action. No trustee has been appointed to serve in this Chapter 11 case. The Debtor is well-within its 90-day window to seek removal of the Debtor's State Court Rescission Action to this Court.

10

**D.     All Other Removal Prerequisites Have Been Satisfied**

36. Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure provides:

> A notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending. The notice shall be signed pursuant to Rule 9011 and contain a short and plain statement of the facts which entitle the party filing the notice to remove, contain a statement that upon removal of the claim or cause of action the party filing the notice does or does not consent to the entry of final orders or judgment by the bankruptcy court, and be accompanied by a copy of all process and pleadings.

Fed. R. Bankr. P. 9027(a)(1). Additionally, Rule 9027-2(A) of the Local Rules of this Court requires that a "party desiring to remove to this court, pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027, a civil action or proceeding from a state court in this district must file all required papers with the clerk." Local Rule 9027-2(A).

37. The filing of this Notice of Removal in this Court is proper. "The general order of reference entered by our District Court referred all bankruptcy matters to the bankruptcy judges and court under 28 U.S.C. § 157(a) and ***allow applications for removal to be filed directly with the Clerk of the bankruptcy court.***" *In re Chapman*, 132 B.R. 153, 156 (Bankr. N.D. Ill. 1991)(emphasis added). Under Rule 9027(a)(1), the Notice must be filed with the clerk for the district and division where the underlying civil action is pending. Since the Debtor's State Court Rescission Action is pending in the Circuit Court of Cook County, Illinois, the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, is the proper court for removal.

38. Pursuant to Rule 9027(a)(1), the Debtor affirmatively states that it consents to the entry of final orders and/or judgment(s) in the Debtor's State Court Rescission Action by this Court.

39. Pursuant to Rule 9027(a)(1), copies of all pleadings – consisting of: (a) the Complaint filed in the Debtor's State Court Rescission Action; (b) the Appearance of Ramco in the Debtor's State Court Rescission Action; and (c) the Amended Complaint filed in the Debtor's State Court Rescission Action which is presently pending before the Circuit Court of Cook County – are attached hereto as **Exhibit A**. Other than the Complaint and Amended Complaint, no other "pleadings" as that term is defined in the Federal Rules of Civil Procedure, have been filed in the Debtor's State Court Rescission Action. *See* Fed. R. Civ. P. 7(a)(listing "pleadings" as the: complaint, answer, answer to a counterclaim designated as a counterclaim, answer to a crossclaim, third-party complaint, answer to a third-party complaint, and, if the court orders one, a reply to an answer). As of the date of this Notice of Removal, no answer has been filed by Ramco in the Debtor's State Court Rescission Action.

40. Pursuant to Rule 9027(b), the Debtor is serving a copy of this Notice of Removal upon Ramco, which is the only other party to the Debtor's State Court Rescission Action.

41. Pursuant to Rule 9027(c), the Debtor will promptly file a copy of this Notice with the Clerk of Court for the Circuit Court of Cook County.

42. Pursuant to Local Rule 9027-2(B), the Debtor will file a copy of all records and proceedings in the Debtor's State Court Rescission Action with the Clerk of this Court within 21 days of the filing of this Notice of Removal. Local Rule 9027-2(B).

## **CONCLUSION**

43. For the foregoing reasons, the Debtor gives notice that the Debtor's State Court Rescission Action has been removed from the Circuit Court of Cook County to the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, being the district and division for the county in which the Debtor's State Court Rescission Action has previously been

pending, and the Debtor respectfully requests that this action proceed as properly removed to this Court.

           Respectfully submitted:

           WEBSTER PLACE ATHLETIC CLUB, LLC, *Debtor/Debtor-in-Possession*

           By:/s/ Brian P. Welch_____
                  One of its attorneys

**DEBTOR'S COUNSEL:**
David K. Welch (No. 06183621)
Brian P. Welch (No. 06307292)
BURKE, WARREN, MACKAY & SERRITELLA, P.C.
330 N. Wabash Ave., Suite 2100
Chicago, Illinois 60611
Tel: 312.840.7000
Fax: 312.840.7900