United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>Webster Place Athletic Club LLC,<br><br>                         Debtor. | Chapter 11<br>Bankruptcy No. 18 B 30466<br>Honorable Judge Jack B. Schmetterer |
| Webster Place Athletic Club, LLC,<br><br>                         Plaintiff<br><br>v.<br><br>Ramco-Webster Place, LLC,<br><br>                         Defendant. | Adversary No. 18 A 916 |

## MEMORANDUM OPINION ON DEFENDANT RAMCO-WEBSTER PLACE, LLC'S MOTION TO REMAND [DKT. NO. 12]

Debtor-Plaintiff Webster Place Athletic Club, LLC ("Plaintiff") filed a notice of removal of the instant Adversary Complaint on November 20, 2018 [Dkt. No. 1] after filing of the underlying Chapter 11 bankruptcy case on October 30, 2018. Defendant-Creditor Ramco-Webster Place, LLC ("Defendant") filed the instant Motion to Remand on December 20, 2018 [Dkt. No. 12]. Defendant alleges that Plaintiff's removal of the case was defective for two reasons. First, contrary to Plaintiff's assertion in the notice of removal, it is argued that there is no basis for diversity jurisdiction under 28 U.S.C. § 1332. Second, in the absence of diversity jurisdiction, Movant contends that there is no alternative basis for removal of the Adversary Complaint to the bankruptcy court under 28 U.S.C. § 1334(c)(2).

For reasons articulated below, Defendant's Motion to Remand is granted.

### UNDISPUTED FACTS

Plaintiff, the corporate Debtor in the underlying Chapter 11 bankruptcy case, is an Illinois corporation that owns and operates a high-end athletic club at 1455 West Webster Ave., Stores 4 and 5, in Chicago, Illinois (the "Leased Premises"). [Dkt. No. 1.] The Leased Premises are located within a 32,000 square foot mall, known as the Webster Place Shopping Center (the "Shopping Center") owned by Defendant. [Dkt. No. 1.] Plaintiff executed the lease with Defendant's predecessor-in-interest, the prior owner of the shopping center, which Defendant purchased in February 2017. [Dkt. No. 1.] Since signing the lease, Plaintiff claims that it has

invested a substantial amount of money in improving the Leased Premises and under the lease is to pay approximately $98,000 per month in rent. [Dkt. No. 1.]

The dispute underlying the removed Adversary Complaint stems from Plaintiff's allegations that Defendant has failed to live up to its obligations under the lease. Namely, Plaintiff asserts that Defendant has failed to provide free parking for its nearly 1,800 members and that it has failed to maintain the Shopping Center as a "first class" center. [Dkt. No. 1.] Plaintiff asserts that Defendant has not been maintaining the Shopping Center or investing additional money because it plans to demolish the Shopping Center and build residential units. [Dkt. No. 1.]

Based on this alleged refusal to comply with the lease, Plaintiff initiated a single-count action against Defendant in the Circuit Court of Cook County on March 30, 2018. [Dkt. No. 1.] That lawsuit sought the entry of a judgment against Defendant: (1) rescinding the lease and (2) requesting that the state court return the parties to the *status quo ante*, by refunding Plaintiff's investment in the facility of approximately $3,000,000.00, minus credit for depreciation. [Dkt. No. 1.]

In response, Defendant began drawing down a $600,000.00 letter of credit provided by Plaintiff as a security deposit on the basis that Plaintiff was not meeting its obligations under the lease by refusing to pay rent. Defendant then filed two separate actions against Plaintiff in the Circuit Court of Cook County, including a breach of contract lawsuit, No. 18-L-006130 (the "Contract Action") and an eviction proceeding, No. 18-M1-708898 (the "Eviction Action"). On July 10, 2018, the state court issued an order pursuant to 735 ILCS 5/2-1006, the Illinois Code of Civil Procedure, consolidating all three of the cases. Debtor did not remove either the Contract or Eviction Actions. [Dkt. No. 1.]

Defendant filed the instant Motion to Remand on December 20, 2018. [Dkt. No. 12.] Therein, Defendant sets forth two arguments. First, Plaintiff has failed to meet its burden by not providing any evidence that diversity jurisdiction exists in this case. *Peirick v. Hooters of Am., Inc.*, 2005 WL 2171184 at *2 (N.D. Ill. Aug. 31, 2005). The allegation Plaintiff makes in the notice of removal, that none of Defendant's members are citizens of Illinois, is unsupported. Moreover, Defendant asserts that it is a citizen of Illinois, by way of the citizenship of some of its members: Ramco-Webster Place is an LLC whose sole member, RPT Realty, L.P., is a Delaware limited partnership. The Seventh Circuit has stated that to determine the citizenship of

2

a partnership, a court must look at the citizenship of all of its partners. *Elston Inv., Ltd. v. David Altman Leasing Corp.*, 731 F.2d 436, 439 (7th Cir. 1984). The general partner of RPT Realty, L.P., is RPT Realty a real estate investment trust ("REIT") organized under Maryland law. In *Americold Realty Tr. V. Conagra Foods, Inc.*, 136 S.Ct. 1012, 1016 (2016), the Supreme Court held that a REIT organized under Maryland law assumes the citizenship of all of its shareholders. A declaration of the Vice President of the REIT, Vincent Chao, attached as Exhibit E to Defendant's Motion, indicates that the REIT does indeed have members who are citizens of Illinois. Therefore, Defendant argues, diversity jurisdiction cannot exist, because both Defendant and Plaintiff are citizens of Illinois.

Second, Defendant argues that Plaintiff's contention that jurisdiction exists in absence of diversity of citizenship is incorrect. Plaintiff argues that, pursuant to 28 U.S.C. § 1334(b), the bankruptcy court has jurisdiction "arising in" or "related to" this Chapter 11 bankruptcy case. However, Defendant notes that pursuant to 28 U.S.C. § 1334(c)(2), if a party makes a timely motion on a proceeding based upon a state law claim related to a Chapter 11 case, but not "arising under title 11 or arising in a case under title 11," the court mandatorily must abstain from hearing such a case. Here, Defendant argues that the Complaint brings purely state law claims that are non-core within meaning of the Bankruptcy Code, the matter was commenced in state court by the Plaintiff, and that the state court can timely adjudicate the matter. *Bates & Rogers Const. Corp. v. Cont'l Bank, N.A.*, 97 B.R. 905, 907 (N.D. Ill. 1989); *In re Durschlag*, 2012 WL 909320, at *7 (Bankr. N.D. Ill. Mar. 15, 2012). Finally, Defendant asserts that remand would be the equitable outcome to this suit, and that pursuant to 28 U.S.C. § 1452(b) this Court may choose to remand.

On January 24, 2019, Plaintiff filed its Response to the Motion. [Dkt. No. 20.] It asserts that Defendant's actions in failing to provide free parking and maintain the Shopping Center have been detrimental to is business and has resulted in the loss of customers. Plaintiff believes that this Court has jurisdiction pursuant to 28 U.S.C. § 1334(b). It first argues that the Adversary Complaint arises in, or is related to, the Chapter 11 bankruptcy proceeding because it concerns the administration of the estate and the allowance or disallowance of claims against the estate including for confirming a plan and materially affects the amount of property available for distribution to creditors. 28 U.S.C. § 157(b)(2). It argues that courts have held that when a rescission claim arises in a Chapter 11 case, that is a core proceeding within the meaning of the

3

Bankruptcy Code. *Green v. Mass. Casualty Ins. Co.*, 269 B.R. 782, 786 (N.D. Ill. 2001). As Plaintiff also seeks to reject the lease in the Chapter 11 bankruptcy case, it argues that it is exercising rights exclusive to bankruptcy and therefore, the case should not be remanded as it is a core proceeding. It also argues that proposed new claims in its Amended Complaint all "arise in" the Chapter 11 case and provide a basis for the jurisdiction of this Court. [Dkt. No. 13.] Defendant's Motion to File an Amended Complaint Instanter has been fully briefed, but the Court has indicated it will not rule upon said Motion until it is determined whether or not the case should be remanded.

Next, Plaintiff reasserts its argument that there is diversity of citizenship and therefore jurisdiction on that basis as well. It argues that Defendant's assertion that the sole member of the Limited Partnership, the REIT entity, is in fact a Maryland corporation and should not be considered a citizen of Illinois because of the citizenship of its members. Plaintiff bases this argument on the fact that in the Supreme Court's *Americold* decision the REIT in question was unincorporated. For incorporated REITs, like the sole member of the Limited Partnership in this case, the *Americold* decision is silent. *Americold*, 136 S.Ct. at 1016; *Delavallade v. Leisure & Gaming Corporation, USA*, 2018 WL 2054588, at *2-3 (M.D. La. Apri 17, 2018). Additionally, Plaintiff argues that in previous, unrelated litigation, Defendant had admitted that the REIT was an incorporated entity. If the REIT is incorporated, argues Plaintiff, the citizenship of the incorporated REIT's members need not be considered in this case, and it should be treated as a Maryland corporation, meaning the parties are diverse.

Additionally, Plaintiff argues that neither Section 1334(c)(2) nor Section 1452(b)'s abstention provisions apply. Plaintiff asserts that mandatory abstention is not required in this case because claims that Defendant seeks to remand are core proceedings, diversity jurisdiction exists as a separate basis for jurisdiction, and the case cannot be timely adjudicated in state court. *In re DeMert & Dougherty, Inc.*, 271 B.R. 821, 843 (Bankr. N.D. Ill. 2001). Plaintiff further asserts that the Court should not equitably remand this case either, because remand will result in duplicative effort and cost on the question of assumption or rejection of the underlying lease, the state court has not done considerable work in the case, there are no novel questions of state law and the state court is no better equipped to handle the claims than the bankruptcy court.

Defendant filed its Reply on January 31, 2019. [Dkt. No. 24.] Defendant first reiterates its argument that Plaintiff has failed to establish its burden that diversity jurisdiction exists. *Peirick*,

4

2005 WL 2171184, at *2; *see also Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 ("The party invoking federal jurisdiction bears the burden of demonstrating its existence."). As Plaintiff does not contest the Defendant's corporate structure, Defendant argues that Plaintiff's only argument – that the REIT entity is not unincorporated and therefore not subject to the Supreme Court's *Americold* decision – is incorrect. Exhibit 6 to Defendant's Motion for Remand, the Articles of Restatement for the REIT entity, shows that the REIT is an "unincorporated trust" under Maryland law. Therefore, pursuant to *Americold*, the citizenship of REIT's members is the citizenship of the REIT, leading to the ultimate conclusion that Defendant is an Illinois corporation and no diversity jurisdiction exists here. The REIT was "formed under Title 8 of the Corporations and Associations Article of the Annotated Code of Maryland." [Dkt. 12, Exh. 6.] That provision states that REITs organized under Title 8 are "unincorporated business trust[s] or association[s]." Md. Cod Ann., Corps. & Ass'ns § 8-101. The organizational documents of the REIT and the plain language of the Maryland law, argues Defendant, clearly shows that the REIT is unincorporated, contrary to the vague statements on the Maryland Secretary of State website attached to Plaintiff's response. Defendant further states that it made no "judicial admissions" of the REIT's nature, and that even if the Court were to consider unrelated statements from previous litigation to be admissions, "a judicial admission binds only in the litigation in which it is made." *Higgins v. Mississippi*, 217 F.3d 951, 954 (7th Cir. 2000). Therefore, it is argued that diversity jurisdiction does not exist in this case.

Moreover, Defendant argues that Plaintiff has not provided an adequate basis for any other type of jurisdiction. The claims Plaintiff has removed are not "core proceedings" in bankruptcy. The rescission action was filed in a state court, before the Chapter 11 case was ever filed. Defendant argues that a proceeding only "arises in" a bankruptcy proceeding when, "it has no existence outside of the bankruptcy." *In re Soszynski*, 508 B.R. 693, 695 (Bankr. N.D. Ill. 2014) (quoting *In re Repository Technologies, Inc.*, 601 F.3d 710, 719 (7th Cir. 2010)). The cases Plaintiff cites for its proposition that rescission actions can "arise in" bankruptcy proceedings, Defendant asserts, are cases where the rescission actions were actually *filed* in the bankruptcy proceedings for the first time. Moreover, the "related to" jurisdiction Plaintiff cites should be narrowly interpreted so that state courts continue to preserve their jurisdiction over state law questions. *In re FedPak Sys., Inc.*, 80 F.3d 207, 2014 (7th Cir. 1996). A Seventh Circuit panel has expressly stated that bankruptcy courts should beware of open-ended interpretations of

5

"related to" jurisdiction, "in a universe where everything is related to everything else." *Id.* The mere fact that Plaintiff may be entitled to damages that would benefit the estate does not give rise to "related to" jurisdiction, argues Defendant.

Additionally, Defendant reiterates its argument that mandatory abstention is required in this case.

Plaintiff's final argument, that the state court could not timely adjudicate this matter, is also incorrect, asserts Defendant. The generalized statistics that Plaintiff refers to in its Response [Dkt. 12], showing that the Circuit Court of Cook County would require 32.2 months to reach a verdict are too broad. Defendant contends that the Chancery Division of the Circuit Court, where the case has been consolidated (and where no jury demand has yet been made) resolves more than 25% of its cases within three months. [Dkt. No. 24, Exh. C.] Moreover, courts in this circuit have found that although, "the state court is busy," that does not mean that, "for purposes of its adjudication," it cannot be timely. *Bgc Partners, Inc., v. Avison Young (Canada), Inc.*, 2015 WL 7251954, at *7 (N.D. Ill. Nov. 17, 2015). Moreover, the state court proceedings were progressing and the state court had done considerable work before the Plaintiff filed the instant Chapter 11 bankruptcy case. And, as Defendant has pointed out, Plaintiff itself said that rather than risk loss of possession of the Leased Premises at an upcoming hearing on Defendant's motion seeking possession in state court, Defendant chose to file the instant bankruptcy case. That does not indicate, argues Defendant, that the state court was moving too slowly towards a resolution.

Finally, Defendant argues that even if mandatory abstention is not required, the Court should equitably abstain. It reiterates its position that the state court has done considerable work, and notes that, in the interest of comity, particularly where issues are solely rooted in state law, courts have frequently remanded because of "the obvious expertise the Illinois courts have in adjudicating claims based on Illinois law." *Baxter healthcare Corp. v. Hemex Liquidation Trust*, 132 B.R. 863, 868 (Bankr. N.D. Ill. 1991).

## JURISDICTION AND VENUE

When a state court action has been removed to a bankruptcy court under 28 U.S.C. § 1452(a), consideration of a motion to remand under § 1452(b) lies here under core jurisdiction. 28 U.S.C. § 1452(b); *In re Help at Home, Inc.*, 289 B.R. 910, 912 (Bankr. N.D. Ill. 2003) (citing *In the Matter of Roper*, 203 B.R. 326, 336–37 (Bankr. N.D. Ala. 1996) (discussing how 1990 amendment to § 1452(b) and the corresponding substitution of Fed. R. Bankr. P. 9027(e) with

6

Rule 9027(d) made motions to remand core proceedings)). Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## DISCUSSION

### I. Plaintiff Has Not Satisfied its Burden to Show Diversity Jurisdiction

As Defendant has indicated, the party that removes an action and invokes diversity jurisdiction bears the burden to establish complete diversity of the parties. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004) ("[T]he party seeking to invoke federal jurisdiction . . . bears the burden of demonstrating that removal is proper."); *see also Peirick*, 2005 WL 2171184, at *1. Plaintiff is correct that the burden then shifts to the party seeking to remand. *In re Talon Holdings, Inc.*, 221 B.R. 214, 219 (Bankr. N.D. Ill. 1998). However, that does not absolve Plaintiff of the requirement that it initially demonstrate grounds for federal jurisdiction. Plaintiff has argued that diversity jurisdiction exists as a ground for federal jurisdiction in this case because it alleges that Defendant is a citizen of Maryland, not of Illinois.

Plaintiff is incorrect. The corporate structure of the Defendant is undisputed. Ramco-Webster Place, LLC has one member, RPT Realty, L.P. a Delaware limited partnership. That Limited Partnership's general partner is a separate entity also known as RPT Realty (formerly known as the Ramco-Gershenson Realty Trust), the REIT entity. The REIT is organized under Maryland law. As its Articles of Restatement indicate, it is a REIT "formed under Title 8 of the Corporations and Associations Article of the Annotated Code of Maryland." [Dkt. 12, Exh. 6.] Under Title 8, "a real estate investment trust is an unincorporated business trust or association in which property is held and managed for the benefit and profit of any person who may become a shareholder . . . [F]or purposes of diversity jurisdiction, [a real estate investment trust's] members include its shareholders." *Americold*, 136 S.Ct. at 1016; Md. Cod Ann., Corps. & Ass'ns § 8-101 ("'Real estate investment trust' means an unincorporated business trust or association formed under this title in which property is acquired, held, managed, administered, controlled, invested, or disposed of for the benefit of any person who may become a shareholder."). Therefore, if any citizen of Illinois is a shareholder of the REIT, pursuant to *Americold*, the REIT itself is a citizen of Illinois.

Plaintiff's argument to the contrary, that certain Maryland tax documents and information from the Maryland Secretary of State's website (attached to Plaintiff's Response as Exhibits C and D) indicate that the REIT is a corporation and thus not subject to the Supreme

7

Court's *Americold* decision, is unpersuasive. The evidence that Plaintiff cites, some letter from the Maryland Department of Assessments and Taxation and a webpage on the Secretary of State's website, carry very little weight. It is unclear why those organizations describe the REIT as a corporation when such description runs counter to the organizing documents of the REIT itself and the plain language Maryland statute. Nevertheless, the organizing documents of the REIT the Maryland statute, and the sworn declaration of one of Defendant's officers, Vincent Chao, accurately describe what the REIT is: an unincorporated association organized under Maryland law for the benefit of its shareholders. And as the declaration of Vincent Chao (attached as Exhibit 5 to Defendant's Motion) avers, some shareholders of the REIT entity are citizens of Illinois. Therefore, under the Supreme Court's *Americold* decision, the REIT is a citizen of Illinois as well.

Plaintiff also makes the argument that in previous court filings, Ramco-Gershenson Properties Trust has indicated that it is a "foreign profit corporation," or a citizen "of the State of Michigan." [Dkt. No. 20, Exhs. E & F.] Plaintiff argues that these are judicial admissions that preclude Defendant from arguing to the contrary in this case. *Chow v. Aegis Mortg. Corp.*, 185 F. Supp. 2d 914, 916 (N.D. Ill. 2002). Plaintiff is again incorrect. The Seventh Circuit has held that, "a judicial admission binds only in the litigation in which it is made . . . [i]n any other suit, as the cases just cited make clear, it operates merely asn evidentiary admission." *Higgins v. Mississippi*, 217 F.3d 951, 954-55 (7th Cir. 2000) (internal citations omitted). Therefore, the question of whether these lawsuits cited by Plaintiff deserve any evidentiary weight must be answered by this Court. As Defendant correctly points out, the two previous cases that Plaintiff cited as evidence of a judicial admission include a case caption from a 2010 Michigan action and a 2014 complaint in which the REIT was not a party (Ramco-Gershonson Properties, L.P., not Ramco-Gershenson Properties Trust, the predecessor to the REIT, filed the 2014 lawsuit). Neither of the cited documents bear at all on the question of the REIT's citizenship or corporate status and will thus be given no weight by this Court.

## II. Plaintiff has Not Demonstrated Any Other Basis for Federal Jurisdiction

Plaintiff asserts in its notice of removal that the state court action is removable pursuant to 28 U.S.C. § 1334(b) even absent diversity jurisdiction. Defendant, in its Motion to Remand, argues that the Court must mandatorily abstain from hearing this adversary proceeding pursuant to 28 U.S.C. § 1334(c)(2), or in the alternative, the adversary should be equitably remanded

8

pursuant to 28 U.S.C. § 1452(b). Once again, the party invoking federal jurisdiction has the initial burden of demonstrating that removal is proper. *Boyd*, 366 F.3d at 529. If that burden is met, it then shifts to the party seeking to remand the case. *Talon Holdings*, 221 B.R. at 219.

### A. The Court Must Mandatorily Abstain Pursuant to 28 U.S.C. § 1334(c)(2)

Plaintiff's alternative basis for federal jurisdiction is derived from 28 U.S.C. § 1334(b) which states that, "notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Plaintiff contends that the claims in the instant adversary proceeding "arise in" or are "related to" the chapter 11 bankruptcy case. However, 28 U.S.C. § 1334(c)(2) states that:

> "(2) Upon timely motion of a party in a proceeding based **upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum** of appropriate jurisdiction."

28 U.S.C. § 1334(c)(2) (emphasis added).

### 1. Plaintiff's Claims Do Not "Arise In" the Chapter 11 Case

"A proceeding 'arises in' bankruptcy only if it has 'no existence outside of the bankruptcy.'" *In re Repository Technologies, Inc.*, 601 F.3d 710, 719 (7th Cir. 2010) (quoting *Stoe v. Flaherty*, 436 F.3d 209, 2016 (3d. Cir. 2006)). "Proceedings 'arising in' bankruptcy are 'administrative matters that arise *only* in bankruptcy cases.'" *Id.* (quoting *CLC Creditors' Grantor Trust v. Sonnenschein Nath & Rosenthal LLP (In re Commercial Loan Corp.)*, 363 B.R. 559, 565 (Bankr. N.D. Ill. 2007)). Courts in this circuit have remanded cases to state court pursuant to 28 U.S.C. § 1334(c)(2) when four factors have been met: (1) the state law claim is a noncore proceeding, (2) there is no independent basis for federal jurisdiction, (3) plaintiff has commenced the action in state court, and (4) the state court can timely adjudicate the matter. *In re Bill Cullen Elec. Contracting Co.*, 160 B.R. 581, 585 (Bankr. N.D. Ill. 1993) (citing *In re Ascher*, 128 B.R. 639, 644-45 (Bankr. N.D. Ill. 1991)).

9

The case law weighs heavily in favor of mandatory abstention and remand to state court. The state law claim in this case, rescission of the contract, is clearly a noncore proceeding within the meaning of the Bankruptcy Code. 28 U.S.C. § 157(b). The cases Plaintiff has cited in support of its assertion that the claims in the instant adversary proceeding are core involve proceedings that were originally filed within an active bankruptcy case. *Settlers' Housing Service, Inc.*, 505 B.R. 483, 495; *Green v. Mass. Cas. Ins. Co.*, 269 B.R. 782, 787 (N.D. Ill. 2001); *In re Chapman*, 132 B.R. 153, 156-57 (Bankr. N.D. Ill. 1991). The instant adversary claim was originally filed in state court; clearly it can exist outside of a bankruptcy proceeding. Furthermore, as discussed above, there is no diversity jurisdiction in this case and the matter is not a federal question, so there is no independent basis for federal jurisdiction. And Plaintiff did commence the instant proceeding in state court.

The only factor that is truly in dispute is whether the instant adversary proceeding can be adjudicated in a timely manner in a state court. Plaintiff contends that the Circuit Court of Cook County is dealing with an approximately 35-month delay on cases and is a "congested forum." *Hale v. Odman*, 2018 IL App (1st) 180280, ¶ 21; *see also* [Dkt. No. 20, Exh. G]. Defendant points out, however, that the statistics Plaintiff has cited apply to the Law Division of the Circuit Court of Cook County, not the Chancery Division where the case was pending. Defendant cites statistics that indicate nearly a quarter of all cases filed in the Law Division of the Circuit Court of Cook County are resolved within three months. [Dkt. No. 24, Exh. C.]

The parties have presented conflicting evidence on the question of whether a state court could timely adjudicate the case. Absent directly applicable Seventh Circuit authority, courts in this circuit have approached the problem in two ways. One approach is to recognize that the party proposing mandatory abstention "bears the burden of presenting affirmative evidence, not mere arguments, supporting the proposition that the state court can timely adjudicate the claims." *Bgc Partners, Inc. v. Avison Young (Canada), Inc.*, 2015 WL 7251954, at *7(N.D. Ill. Nov. 17, 2015) (citing *Janazzo, Sr. v. Fleetboston Fin. Corp.*, 2002 WL 54541, at *4 (N.D. Ill. Jan. 15, 2002)). Other courts have taken a more holistic view of timeliness, determining that unless remand causes a delay in the bankruptcy proceeding, even a 35.3-month average delay would be timely for the purposes of mandatory abstention. *Bgc Partners*, 2015 WL 7251954, at *7 (citing *Official Comm. of Unsecured Creditors of Wickes Inc. v. Wilson*, 2006 WL 1457786, at *5-6 (N.D. Ill. May 23, 2006); *In re DeMert & Dougherty, Inc.*, 271 B.R. 821, 843 (N.D. Ill. 2001)).

10

The majority of courts appear to favor a holistic approach, and in this case, the factors suggest that the case can be timely adjudicated in state court. The statistics cited by Defendant indicate that the case could be resolved much more quickly than the nearly 35-month figure cited by Plaintiff. And although adjudication of the instant proceeding would necessarily delay the bankruptcy proceeding to some extent, there is no guarantee that the case would actually move more quickly in this Court. On the contrary, because this Court is dealing only with the rescission claim, and the two other related lawsuits remain pending in the Circuit Court of Cook County, judicial economy favors remand so that all claims of both parties may be heard together.

**2. Plaintiff's Claims Are Not "Related To" the Chapter 11 Case**

As discussed above, 28 U.S.C. § 1334(b) confers jurisdiction when a matter "arises in" or is "related to" a case under Title 11. The Seventh Circuit has cautioned against an open-ended approach to the interpretation of "related to" jurisdiction. *Matter of FedPak Sys., Inc.*, 80 F.3d 207, 214 (7th Cir. 1996).

Plaintiff correctly claims that proceedings that "could affect the amount of property available for distribution to creditors," have been considered "related to" underlying bankruptcy cases. *In re Edwards*, 539 B.R. 360, 362 (Bankr. N.D. Ill. 2015); *see also In re Avalos*, 531 B.R. 748, 750 (Bankr. N.D. Ill. 2014). Plaintiff essentially argues that its claim for rescission necessarily implicates the amount of money available for distribution, because if it wins on its rescission claim it will be entitled to damages or an offset against Defendant's claims.

However, Plaintiff's argument is not nearly as clear cut as it asserts. Even assuming Plaintiff wins on its rescission claim, as Defendant has indicated, Plaintiff sought only equitable relief in the Amended Complaint filed in the Circuit Court of Cook County and removed here. While Plaintiff has a Motion pending to further amend the Complaint before this Court, there is no guarantee that such a Motion would be granted. Additionally, the interaction between the instant rescission lawsuit and the two other lawsuits filed by Defendant in the state court are unclear. Whether Plaintiff or Defendant are entitled to an offset against each others' claims due to a breach of contract and whether Plaintiff should be evicted from the property are still open questions pending before the Circuit Court of Cook County.

Could the instant adversary proceeding "affect the amount of property available for distribution to creditors"? *Edwards*, 539 B.R. at 362. Perhaps it could. But, as the Seventh Circuit has explained, the more prudent approach is to treat narrowly the scope of "related to"

11

jurisdiction, "in a universe where everything is related to everything else." *FedPak*, 80 F.3d at 214 (quoting Gerald T. Dunne, *The Bottomless Pit of Bankruptcy Jurisdiction*, 112 BANKING L.J. 957 (Nov.-Dec. 1995)). Under the narrower scope, abstention and remand are the prudent choices.

### B. Equitable Abstention is Also Warranted Under these Facts

Even assuming Plaintiff is correct and diversity jurisdiction or jurisdiction under 28 U.S.C. § 1334(b) were present in this proceeding, the Court would still have discretion to remand equitably pursuant to 28 U.S.C. § 1452(b). That provision states that, "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). Courts consider a litany of factors in deciding whether to abstain on equitable grounds:

> "(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties."

*Matter of Chicago, Milwaukee, St. Paul & Pac. R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993) (citing *In re Eastport Assoc.*, 935 F.2d 1071, 1075 (9th Cir. 1991)).

The factors articulated by the Seventh Circuit weigh heavily in favor of equitable remand. The resolution of all claims between Plaintiff and Defendant, including those that still pend before the Circuit Court of Cook County, would aid in the efficient administration of the Chapter 11 bankruptcy case, rather than hinder it. The rescission action is strictly a state law issue. While the state law at issue is not unsettled, the

12

multiple, overlapping lawsuits do present some difficulty. The existence of those related proceedings in state court also weigh in favor of abstention. As discussed above, there is no other jurisdictional basis for this proceeding to be in this Court. Likewise, it has already been explained above that the instant adversary proceeding is attenuated and only tangentially relevant to the Chapter 11 bankruptcy case. Though purported to be a "core" proceeding, the rescission action is purely a state law issue and is noncore within the meaning of 28 U.S.C. § 157(b). And the state court had already begun to do work on this case, as a hearing on Defendant's eviction action had been scheduled shortly before Plaintiff filed its Chapter 11 bankruptcy petition.

Therefore, even if some independent basis for jurisdiction had existed, abstention and remand pursuant to 28 U.S.C. § 1452(b) would still be consistent with equity and fundamental fairness.

## CONCLUSION

For each of the several reasons articulated in the above opinion, including Plaintiff's failure to establish sufficiently that diversity jurisdiction or some alternative theory of federal jurisdiction exists in this case, and because Defendant has established sufficiently a basis for both mandatory and equitable abstention, Defendant's Motion to Remand will be granted by separate order to be entered concurrently herewith.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of February, 2019

13